GERARD FOX LAW, P.C.
Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Morgan E. Pietz (SBN 260629)
mpietz@gerardfoxlaw.com
Andrea Contreras (SBN 283050)
acontreras@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone:  (310) 441-0500
Facsimile:   (310) 441-4447

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODE MEDIA CORPORATION, f/k/a GLAM MEDIA, a Delaware corporation;<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE 1, as registrant of the GLAMSCOOP.ORG domain name; and JOHN DOES 2-10;<br><br>Defendants. | Case No.:   3:16-cv-244<br><br>**COMPLAINT FOR:**<br>**(1) TRADEMARK INFRINGEMENT AND COUNTERFEITING**<br>**[15 U.S.C. §§ 1114,** *et seq.***];**<br>**(2) CYBERPIRACY**<br>**[15 U.S.C. §§ 1125(d)];**<br>**(3) COPYRIGHT INFRINGEMENT**<br>**[17 U.S.C. §§ 501,** *et seq.***];**<br>**(4) FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**<br>**[15 U.S.C. § 1125(a)];**<br>**(5) FALSE ADVERTISING**<br>**[Cal. Bus. & Prof. Code §§ 17500,** *et seq.***];**<br>**(6) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(7) UNFAIR COMPETITION**<br>**[Cal. Bus. & Prof. Code §§ 17200,** *et seq.***];**<br>**- AND -**<br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## *COMPLAINT*

Plaintiff MODE MEDIA CORPORATION ("Mode Media") for its complaint against each of the defendants hereby states as follows:

### NATURE OF THE CASE

1. This is a case where certain unknown John Does, who have gone to great lengths to hide their true identities, are running a counterfeit infringing "mirror" site that mimics Mode Media's valuable Mode.com website. Mode Media owns a federal trademark registration for the term GLAM and, for many years, operated its business as GLAM.COM. Mode Media continues to use the GLAM mark as a key brand within its portfolio of digital media websites (for example, at "www.mode.com/glam"). The infringers recently registered "www.GlamScoop.org" and are currently using that domain name, which itself infringes on Mode Media's GLAM mark, as the web address for the infringing mirror site. As one might expect for a mirror site, it attempts to trade off of Mode Media's goodwill and infringes on a variety of intellectual property rights owned by Mode Media, such as the copyrighted pictorial and graphic works that appear on the Mode.com website, as well as other registered trademarks owned by Mode Media. Mode Media has recently sent multiple takedown demands to the companies hosting the www.GlamScoop.org website. As soon as the infringing mirror site is taken down by one host, the infringers simply hop to another Virtual Private Server hosting company and put it back up again. Through this action, Mode Media seeks to temporarily and then permanently enjoin further use of the infringing GlamScoop.org domain name by the John Does, and recover damages from them, after they are identified in discovery.

### PARTIES

2. Plaintiff MODE MEDIA CORPORATION is a Delaware corporation that that has its principal place of business in and is a citizen of Brisbane, California. Mode Media was formerly known as GLAM MEDIA.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

3. Defendant John Doe 1 is the registrant of the domain name "www.GlamScoop.org" (the "Infringing Domain").  John Doe 1's identity and citizenship are currently unknown, because the Infringing Domain was registered using a privacy protection proxy service.  Certain true contact information that John Doe 1 was required to provide and is required to maintain and keep current as part of registering the Infringing Domain name can be obtained via subpoena to the domain name registrar and/or privacy proxy service provider.  The true identity of John Doe 1 can and will be ascertained through discovery.

4. Defendants John Does 2-10 are other individuals or entities who, on information and belief, are acting in concert with John Doe 1 in connection with the creation, hosting, and continual re-posting of the infringing mirror website (the "Infringing Website") located at the Infringing Domain.  The true identities and citizenship of John Does 2-10 are also unknown, but can and will be ascertained through discovery.  (Together, John Doe 1 and John Does 2-10 are the "John Does.")

## JURISDICTION AND VENUE

5. This Court has original federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patents, copyrights, trademarks) over the first four causes of action, because they all arise under federal intellectual property laws.

6. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over the fifth and sixth cases of action for false advertising and intentional interference, respectively, because they are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

7. This Court has original federal question subject matter jurisdiction over the eighth cause of action for unfair competition pursuant to 28 U.S.C. § 1338(b), since it is a claim for unfair competition that is joined with substantial and related

**COMPLAINT AND DEMAND FOR JURY TRIAL**

claims under the copyright and trademark laws.

8. This Court has personal jurisdiction over John Doe 1 because, by registering the Infringing Domain name and then creating and repeatedly re-posting the Infringing Website in a deliberate attempt to trade off the goodwill associated with Mode Media and to copy copyrighted content owned by Mode Media, John Doe 1 engaged in wrongful and intentional infringing conduct.  This conduct was targeted and "expressly aimed" at Mode Media.  As evidenced by the terms of copyright policy on the Mode.com website (which John Doe 1 also copied, and which gives a Brisbane, California address for Mode Media), John Doe 1 knew or should have known that Mode Media is located in the State of California.  Furthermore, at least one of the Internet hosting companies that John Doe 1 utilized to host the Infringing Website was located in Freemont, California.  This California-based hosting company provided or leased an IP address it owned to John Doe 1, and this IP address was then used by John Doe 1 to host the Infringing Website.  On information and belief, John Doe 1 has also utilized server space and other related Internet resources physically located in the State of California.  Thus, John Doe 1, by utilizing a California-based hosting company to provide an IP address for the Infringing Website, as well as related Internet hosting services and resources physically located in California, has purposefully availed himself of the benefits of this forum.  Accordingly, this Court has at least specific personal jurisdiction over John Doe 1.  In the alternative, if it turns out that John Doe 1 is a foreign national with no domicile in the United States, then this is also an "exceptional case" where John Doe 1 is "subject to the jurisdiction of the courts of the United States but not of any particular State," because of his or her utilization of various different U.S. Internet hosting companies and the U.S. domestic Internet infrastructure.

9. On information and belief, the Court also has personal jurisdiction over John Does 2-10, because they knew and intended and assisted John Doe 1 in expressly aiming infringing conduct at Mode Media, and in directing their activities

**COMPLAINT AND DEMAND FOR JURY TRIAL**

towards California with respect to utilizing at least one California-based hosting companies to obtain and IP address and related web hosting resources. In the alternative, if it turns out that John Does 2-10 are foreign nationals, then this is also the "exceptional case" where John Does 2-10 are "subject to the jurisdiction of the courts of the United States but not of any particular State," because of their utilization of various different U.S. Internet hosting companies and the U.S. domestic Internet infrastructure.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 § (b)(2), because a substantial part of the events giving rise to the claim, including the harm suffered by Mode Media, and the John Does' use of an Internet hosting company located in Freemont, California to host the Infringing Website, occurred in this judicial district. In the alternative, pursuant to 28 U.S.C. 1391 § (b)(3), there is no district in which an action may otherwise be brought where venue would be more proper than in this district, and since the John Doe defendants are subject to this Court's personal jurisdiction in this action, venue is proper in this judicial district.

## COMMON FACTUAL ALLEGATIONS

**(a)   Mode Media's Business and Valuable Intellectual Property**

11. Mode Media is a leading global digital lifestyle media company. Mode Media's digital media platform provides personalized content and video stories that are curated online by professional editors. According to the most recent comScore rankings released on December 23, 2015, Mode Media ranks at number 10 for U.S. digital media properties, which puts it just behind Apple and ahead of Twitter. (Gagan Decl. ¶ 8.) Globally, Mode Media reaches approximately 250 million monthly unique visitors.

12. Mode owns a federal service mark registration for GLAM (U.S. Registration No. 3,641,353) in connection with a variety of different goods and services, including, in International Class 38, "[p]roviding on-line communications links that transfer a website user to other local and global web pages," and in

International Class 41, "[p]roviding a website featuring entertainment information about books, movies and music."  A true copy of this registration is attached as **Exhibit 1** to this complaint.

13.     Mode has been using the GLAM mark continuously in interstate commerce since at least 2005, in a variety of ways.  The GLAM mark is now incontestable and famous.  Until April of 2014, Mode Media was previously known as Glam Media and its flagship website was located at www.glam.com.  Since the company name change in 2014, Mode Media has continued to utilize the GLAM mark as a key brand, similar to a TV channel, only for curated web content.   Thus, for example, new "GLAM"-branded stories appear every day at www.mode.com homepage, along with stories from other branded channels such as BRASH, TEND, FOODIE, and BLISS.  By navigating the Internet to www.mode.com/glam, a visitor can see all of the GLAM-branded content in one place.

14.     Mode Media also owns a federal service mark registration for BRASH (U.S. Reg. No. 4,342,819) in connection with a variety of different goods and services, including, in International Class 38, "[p]roviding on-line communications links that transfer a website user to other local and global web pages," and in International Class 39, "[p]roviding a website featuring information about travel."  A true copy of this registration is attached as **Exhibit 2** to this complaint.

15.     Mode Media also owns a federal service mark registration for TEND (U.S. Reg. No. 4,390,693) in connection with a variety of different goods and services, including, in International Class 38, "[p]roviding on-line electronic bulletin boards for transmission of messages among computer users concerning parenting, cooking, healthy eating, home decor, home organization, pregnancy, child-rearing, baby and child products, baby and child gear and accessories, toys, games, books, children's clothing, style, fashion, travel, technology, family, family activities, beauty, fitness, health, wellness," and, in International Class 41, "[p]roviding a website featuring non-downloadable electronic publications, namely, articles in the

**COMPLAINT AND DEMAND FOR JURY TRIAL**

fields of parenting, cooking, healthy eating, home decor, home organization, pregnancy, child-rearing, child education, baby and child products, baby and child gear and accessories, toys, games, books, children's clothing, style, fashion, travel, technology, family, family activities, beauty, fitness, health, wellness." A true copy of this registration is attached as **Exhibit 3** to this complaint.

16. Mode Media also has completed an application for a federal copyright registration for the pictorial and graphic "top banner" that typically appears on the Mode.com website. These applications have been fully completed and transmitted to the Copyright Office, the fees have been paid, and deposit copies have been provided to the Library of Congress.

17. Mode Media has recently completed applications for federal copyright registration for a variety of other original, copyrightable elements that are typically part of the Mode.com website. These applications for registration include different pictorial and graphic top banner designs for the GLAM, BRASH, TEND, FOODIE, and BLISS channels. These applications have been fully completed and transmitted to the Copyright Office, the fees have been paid, and deposit copies have been provided to the Library of Congress.

**(b)     The Infringing Mirror Site at www.GlamScoop.org**

18. On September 13, 2015, John Doe 1, as the registrant, registered the Infringing Domain, i.e., "GlamScoop.Org." The registrar for this domain name is PDR Ltd. d/b/a PublicDomainRegistry.com (the "Registrar"), which is located in Mumbai, India.

19. Although registrants are required to provide and maintain true and accurate contact information as a condition of domain name registration, John Doe 1 opted to use a privacy protection proxy service to hide his or her identity. The privacy protection proxy service's role is to forward notifications to the true registrant. The privacy protection proxy service John Doe 1 used, Privacy Protection Service INC d/b/a PrivacyProtect.org, gives John Doe 1's official contact

**COMPLAINT AND DEMAND FOR JURY TRIAL**

information as follows:

```
Registrant Name:Domain Admin
Registrant Organization:Privacy Protection Service INc
   d/b/a PrivacyProtect.org
Registrant Street: C/O ID#10760, PO Box 16
Registrant Street: Note - Visit PrivacyProtect.org
Registrant Street: to contact the domain owner/operator
Registrant City:Nobby Beach
Registrant State/Province:Queensland
Registrant Postal Code:QLD 4218
Registrant Country:AU
Registrant Phone:+45.36946676
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email:contact@privacyprotect.org
```

The information for the admin and technical contacts is the same; all contacts for the Infringing Domain are directed to go through the privacy proxy service listed above.

20. On or around October 20, 2015, Mode Media first became aware of an unauthorized, infringing mirror site that had been setup by the John Does at the Infringing Domain, which essentially copies the entirety of the Mode.com website.

Actual Mode.com Website:    Infringing Website: 

21. The Infringing Website mirrors the functionality of the Mode.com

-8-
**COMPLAINT AND DEMAND FOR JURY TRIAL**

website in almost every way, and reproduces all of the content available on the Mode.com website, identically, with only two obvious exceptions.  First, the John Does behind the Infringing Website either did not know how or opted against trying to integrate their counterfeit site with Facebook and Twitter.  So that part of the home page top banner is missing from the Infringing Website.  Second, Mode.com is constantly updating with new stories continuously throughout the day; the Infringing Website also updates regularly, but less often, such that the stories that appear on the Infringing Website are typically slightly delayed as compared to when the same stories first appeared on the Mode.com website.

22. Navigation is the same on the Infringing Website as it is one the real Mode.com website.  Thus, if a user clicks the menu tab in the top left, next to where it says "MODE", the Infringing Website reveals a dropdown menu that corresponds to the same dropdown menu on Mode.com's site, and which displays Mode Media's various trademarks, including the federally registered GLAM, BRASH, and TEND:

Infringing Website →
Using Mode Media's →
Registered Trademarks →



**COMPLAINT AND DEMAND FOR JURY TRIAL**

24. As can be seen from the screenshot comparisons below, John Does' copying of the Mode.com website is systematic and comprehensive:

Mode.com website content:            Infringing Website content:









-10-

**COMPLAINT AND DEMAND FOR JURY TRIAL**

26. The Infringing Website even copies the Mode.com terms and conditions and other legal notice pages, such that a person on the Infringing Website who clicks on those links would think they were really on the real Mode.com website and that the counterfeit site is run by Mode Media.

27. Almost immediately after becoming aware of the Infringing Website on October 20, 2015, Mode Media, through counsel, began taking legal action, including by sending cease and desist demands to the hosts of the Infringing Website which invoked the "takedown" procedure of the Digital Millennium Copyright Act. A game of "whack-a-mole" then ensued. Shortly after one host would forward the demand letter to its customer and disable the John Does' Internet access, the John Does would then simply start using a new hosting company and put the Infringing Website back up a few days later, resulting in a new cease and desist demand.

28. The several different Internet hosting companies used by the John Does so far to host the Infringing Website have all tended to specialize in providing virtual private server or "VPS" services, which is the kind of hosting someone signs up for when they are trying to hide their tracks. These hosting companies, which the John Does have used to commit the infringing and tortious acts detailed herein, have mainly been located in various different parts of the United States, including one hosting company, Hurricane Electric, based in Freemont, California (which is within this Judicial District). Hurricane Electric confirmed that it owns at least one of the IP addresses used by the John Does to serve up the Infringing Website.

29. Mode Media, through counsel, also sent a cease and desist letter to the domain name Registrar asking it to disable access to the Infringing Domain. The Registrar responded: "The domain name 'GLAMSCOOP.ORG' is merely registered with us. As the registrar of the domain name, we have no control over the content hosted on it. As a domain name Registrar, *we would be in a position to assist you, ONLY if you can provide us a Temporary Restraining Order* from any Court of Law." (Emphasis added.)

-11-
**COMPLAINT AND DEMAND FOR JURY TRIAL**

# FIRST CAUSE OF ACTION

## Trademark Infringement and Counterfeiting [15 U.S.C. §§ 1114, *et seq*.]

30. All of the foregoing paragraphs are incorporated here by reference.

31. Mode Media owns valid, protectable trademarks including the above-referenced service marks for GLAM, BRASH and TEND, and as evidenced by Mode Media's current federal trademark registrations.

32. Mode Media has been using the GLAM, BRASH and TEND registered trademarks continuously in commerce since at least September 2005 for GLAM, October 2008 for BRASH, and April 2012 for TEND. Mode Media has invested substantial time, effort and financial resources promoting these marks in connection with the marketing and sale of its services in interstate commerce. The consuming public recognizes these trademarks and associates them with Mode Media.

33. The GLAM, BRASH and TEND trademarks are registered on the Principal Register of the United States Patent and Trademark Office (the "Trademark Office"), as described above.

34. John Doe 1's use of the GLAM trademark in registering and maintaining the "GlamScoop.org" domain name without consent of Mode Media is likely to cause confusion among ordinary consumers as to the source, sponsorship or affiliation, or approval of the services and content offered via the Infringing Domain. The use of the Infringing Domain is also intended to cause initial interest confusion. Accordingly, John Doe 1 is engaged in trademark infringement.

35. The John Does' copying and use of the GLAM, BRASH, and TEND trademarks in creating and maintaining the Infringing Website is likely to cause confusion among ordinary consumers as to the source, sponsorship or affiliation, or approval of the services and content offered at the Infringing Website. Accordingly, all of the John Does are engaged in trademark infringement.

36. Furthermore, the John Does are engaged in a type of trademark infringement that also constitutes counterfeiting. The John Does are using

**COMPLAINT AND DEMAND FOR JURY TRIAL**

"spurious" marks on the Infringing Website that are identical to the registered trademarks owned by Mode Media, including GLAM, BRASH, and TEND. The John Does have applied the exact GLAM, BRASH and TEND label to the Infringing Website, and are therefore using these marks in commerce in connection with the advertisement and actual provision of content to customers, and in selling advertising and monetizing traffic to the Infringing Site, in a way that is likely to cause confusion, cause mistake and to deceive. The John Does have never been authorized to use Mode Media's trademarks, and they are using Mode Media's trademarks in connection with providing the exact same kind of goods and services as are included within Mode Media's trademark registrations for these marks. Accordingly the John Does acts constitute counterfeiting under 15 U.S.C. § 1114(1).

37. The John Does know or have reason to know of Mode Media's trademark rights. The John Does continue to use counterfeit trademarks on the Infringing Website intentionally and maliciously, even after being put on notice of Mode's trademark rights, via multiple cease and desist demands, and after continually switching host companies after their Internet access is terminated by DMCA-compliant hosting companies. John Does are intending to cause consumer confusion and mistake and to deceive consumers.

38. As a proximate result of the John Does' infringement, Mode Media has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

39. Since the John Does are engaged in not just trademark infringement but counterfeiting, Mode Media is entitled, at its election to treble damages or statutory damages of up to $200,000 per each counterfeited trademark. 15 U.S.C. § 1117(b)-(c).

40. Since the John Does acted maliciously, fraudulently, deliberately, or willfully in doing the acts alleged, this is an exceptional case where Mode Media is entitled to its reasonable attorneys' fees. 15 U.S.C. § 1117(a).

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## SECOND CAUSE OF ACTION

### Cyberpiracy [15 U.S.C. § 1125(d)]

41. All of the foregoing paragraphs are incorporated here by reference.

42. In registering the Infringing Domain and repeatedly using it to serve up the Infringing Website, despite various cease and desist and takedown demands, the John Does have continue to have a bad faith intent to try and profit from their use of Mode Media's GLAM trademark.

43. At the time the Infringing Domain was registered by John Doe 1, on September 13, 2015, the GLAM trademark was distinctive and incontestable, as evidenced by the Trademark Office's acknowledgment of Mode Media's Section 15 affidavit for the GLAM trademark on July 9, 2015.

44. The Infringing Domain is confusingly similar to Mode Media's distinctive GLAM trademark, in that it incorporates the entirety of the GLAM mark.

45. As a proximate result of the John Does' cyberpiracy, Mode Media has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

46. As a result of John Does' cyberpiracy, Mode Media is entitled, at its election, to the forfeiture, cancellation, or transfer to Mode Media of the Infringing Domain.  15 U.S.C. § 1125(d)(1)(C).

47. As a result of the John Does' cyberpiracy, Mode Media is entitled, at its election, to recover, instead of actual damages and profits, an award of statutory damages of between $1,000 and $100,000 for the Infringing Domain.  15 U.S.C. § 1117(d).

48. Since the John Does acted maliciously, fraudulently, deliberately, or willfully in doing the acts alleged, this is an exceptional case where Mode Media is entitled to its reasonable attorneys' fees.  15 U.S.C. § 1117(a).

/ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## THIRD CAUSE OF ACTION

### Copyright Infringement [17 U.S.C. §§ 501, *et seq*.]

49. All of the foregoing paragraphs are incorporated here by reference.

50. Plaintiff is the owner of the valid copyrights described above. Each completed application for copyright registration described above covers one or more works of original authorship. And Mode Media, either as an employer for hire, or through valid assignment, is the owner of all right title and interest, or an exclusive licensee of the copyright rights, in and for the works at issue.

51. John Does copied original elements of the copyrighted works; indeed, the copied the entirety of the copyrighted works, in virtually identical fashion.

52. As a proximate result of the John Does' cyberpiracy, Mode Media has suffered and will continue to suffer monetary loss and irreparable injury.

## FOURTH CAUSE OF ACTION

### False Designation of Origin and False Advertising [15 U.S.C. § 1125(a)]

53. All of the foregoing paragraphs are incorporated here by reference.

54. The John Does have infringed on Mode Media's GLAM trademark and the MODE trade name, by using similar corporate, business, and professional names both in the Infringing Domain name itself (which incorporates the entirety of the GLAM trademark) and in the Infringing Website, which purports to be provided by Mode Media, and which uses multiple trademarks owned by Mode Media, even though it is a counterfeit website that Mode Media has not authorized.

55. The John Does' use of Mode Media's trademarks and trade names is likely to cause confusion about the source or sponsorship of the services and content that appear under the Infringing Domain and at the Infringing Website.

56. The Infringing Domain and the Infringing Website also constitute false advertising in that they make false statements of material fact, such as that the website is provided by and affiliated with Mode Media.

57. These false statements tend to deceive customers and divert traffic

**COMPLAINT AND DEMAND FOR JURY TRIAL**

away from the real Mode Media website, thus injuring Mode Media in the marketplace.

58. As a proximate result of the John Does' false designations of origin and false advertising, Mode Media has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

## FIFTH CAUSE OF ACTION

### False Advertising [Cal. Bus. & Prof. Code §§ 17500, *et seq*.]

59. All of the foregoing paragraphs are incorporated here by reference.

60. The Mode.com website both advertises and actually provides a service that makes personalized web content and video stories available to the public online.

61. By copying the Mode.com website, the Infringing Website similarly advertises that the services being provided on the Infringing Website are coming from Mode Media. However, this is untrue, misleading, and likely to deceive members of the public because Mode Media is not affiliated with the Infringing Website.

62. The John Does knew, or should have known, that the Infringing Website is not sponsored or affiliated with Mode Media. Indeed, the whole point of the website appears to be to deceive the public, so the John Does can attempt to profit from Mode Media's goodwill and monetize web traffic that should be going to the real Mode.com.

63. As a proximate result of the John Does' false advertising, Mode Media has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

## SIXTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Advantage

64. All of the foregoing paragraphs are incorporated here by reference.

65. Mode Media has various existing business relationships pursuant to which it earns substantial revenues from derived from traffic to its website

**COMPLAINT AND DEMAND FOR JURY TRIAL**

properties. There is a high probability of future economic benefit from these continuous and ongoing relationships.

66. Through diverting traffic away from the real Mode.com website, the John Does have injuriously interfered with Mode Media's prospective economic advantage.

67. The John Does have engaged in wrongful conduct, as described throughout this complaint, that falls outside the boundaries of fair competition.

68. The John Does have intentionally and maliciously interfered with Mode Media's prospective economic advantage, as evidenced by their repeatedly putting the Infringing Website back up, after takedown demands are sent to their constantly-changing hosting companies.

69. As a proximate result of the John Does' false designations of origin and false advertising, Mode Media has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

70. In doing the acts alleged, John Does are guilty of oppression, fraud, and malice, such that Mode Media is entitled to recover exemplary and punitive damages.

71. As a proximate result of the John Does' unfair competition, Mode Media has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation and goodwill.

## SEVENTH CAUSE OF ACTION
### Unfair Competition [Cal. Bus. & Prof. Code §§ 17200, *et seq*.]

72. All of the foregoing paragraphs are incorporated here by reference.

73. In doing the acts alleged, the John Does have engaged in a business practice that is unlawful, for all of the reasons described in the other causes of action.

74. In doing the acts alleged, the John Does have engaged in a business practice that is unfair because it offends established public policy and is immoral,

unethical, oppressive, unscrupulous, and substantially injurious to consumers.

75. In doing the acts alleged, the John Does have engaged in a business practice that is fraudulent, in that it is likely to deceive the public.

76. As a proximate result of the John Does' unlawful, unfair, and fraudulent business practices, Mode Media has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

## PRAYER FOR RELIEF

Accordingly, Mode Media hereby prays for judgment in its favor as against all defendants and the following relief:

A. A temporary restraining order and preliminary injunction putting the Infringing Domain name on lock and hold, and transferring control over the Infringing Domain to the Court during the pendency of this case.

B. A permanent injunction cancelling the Infringing Domain or transferring control over the Infringing Domain name to Mode Media pursuant to 15 U.S.C. § 1125(d)(1)(C).

C. General, special, and consequential damages on all causes of action, as according to proof.

D. Treble and/or statutory damages pursuant to 15 U.S.C. § 1117(b)-(d).

E. Attorneys' fees pursuant to 15 U.S.C. § 1117(a).

F. Costs on all causes of action.

G. For such other relief as may be just and proper, as conforms to proof.

Respectfully Submitted,                                 GERARD FOX LAW, P.C.

DATED: January 14, 2016              BY:   /s/ Morgan E. Pietz

                                           Morgan E. Pietz
                                           *Attorneys for Plaintiff MODE MEDIA CORP. f/k/a GLAM MEDIA*

## *DEMAND FOR JURY TRIAL*

Plaintiff herby demands a jury trial pursuant to Fed. R. Civ. P. 38.

Respectfully Submitted,    GERARD FOX LAW, P.C.

DATED: January 14, 2016   BY:  /s/ Morgan E. Pietz

Morgan E. Pietz
*Attorneys for Plaintiff MODE MEDIA CORP. f/k/a GLAM MEDIA*

**COMPLAINT AND DEMAND FOR JURY TRIAL**