1
2
3
4
5
6
7
8         **UNITED STATES DISTRICT COURT**
9         **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  MODE MEDIA CORPORATION, f/k/a GLAM MEDIA, a Delaware corporation; | Case No. 3:16-cv-00244-RS |
| 13          Plaintiff, | **ORDER GRANTING MODE MEDIA'S *EX PARTE* MOTION FOR:** |
| 14     v. | **(1) A TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE;** |
| 16  JOHN DOE 1, as registrant of the GLAMSCOOP.ORG domain name; and JOHN DOES 2-10; | **(2) LEAVE TO SERVE DEFENDANT JOHN DOE 1 VIA HIS PRIVACY PROTECTION PROXY AGENT; AND** |
| 19          Defendants. | **(3) LEAVE TO CONDUCT EARLY DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE** |

Plaintiff Mode Media Corporation ("Mode Media") seeks an *ex parte* temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65 and Civil Local Rules 7-10 and 65-1, and under the Lanham Act (15 U.S.C. §§ 1116 *et seq*.). For good cause shown, Mode Media's *ex parte* motion is GRANTED.

**A.  *Ex Parte* Temporary Restraining Order**

A TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters,* 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, *see Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir.2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "Under the *Winter* test, the moving party must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014). Federal Rule of Civil Procedure 65(b) permits courts to issue a TRO without written or oral notice to the adverse party if (1) the moving party will suffer "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Mode Media has submitted its registrations for the trademarks to GLAM, BRASH, and TEND, which serves as prima facie evidence of ownership and exclusive right to use the mark. *See* 15 U.S.C. § 1115(a); *Pom*, 775 F.3d at 1124. Mode Media has also introduced screenshots of GlamScoop.org's website alongside screenshots of its own. A

comparison of the two websites reveals striking similarities, and therefore a strong likelihood that the public would be confused. *See Pom*, 775 F.3d at 1125 (listing the *Sleekcraft* factors, including the likelihood of confusion). In addition, Mode Media has submitted evidence that suggests defendants are intentionally concealing their identities and going out of their way to place the allegedly infringing content on another server once the host removed the content from the website. *See* Pietz Decl. ¶ 10.

Mode Media has also demonstrated a likelihood of confusion tends to cause trademark holders to lose control of their business reputation and good will—all forms of harm. In addition to showing likelihood to confusion, Mode Media has demonstrated that it has tried numerous times to stop defendants from posting the offending material on their website. Mode Media has sent numerous letters to website servers, requesting the server to remove GlamScoop.org's content. When the content was removed, however, defendants found another server to host the website. Pietz Decl. ¶ 10. That defendants seek and find new servers to host their content suggest they are willfully seeking to infringe upon Mode Media's trademarks.

There is little evidence to suggest that the equities tip in defendants favor. Everything in the record suggests that defendants are willfully appropriating and using Mode Media's content. Nor is there evidence that defendants are engaged in legitimate business activities. Thus, the balance of equities tips in favor of Mode Media.

Finally, the public interest favors issuing a TRO. "In trademark cases, the public interest is the public's right not to be deceived or confused. Indeed, 'the most basic public interest at stake in all Lanham Act cases [is] the interest in prevention of confusion, particularly as it affects the public interest in truth and accuracy.'" *Warner Bros. Entm't v. Glob. Asylum, Inc.*, No. CV 12-9547 PSG CWX, 2012 WL 6951315, at *23 (C.D. Cal. Dec. 10, 2012) *aff'd sub nom. Warner Bros. Entm't v. Glob. Asylum, Inc.*, 544 F. App'x 683 (9th Cir. 2013) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 730 (3d Cir. 2004)). Where, as here, the plaintiff shows that there is a likelihood of consumer confusion, an injunction to prevent that confusion is in the public's interest. *Id.*

In addition to showing immediate and irreparable harm, Media Mode has made a sufficient showing that it has tried and failed to serve notice of this temporary restraining order. Mode Media does not know the defendants' identities, despite its efforts to find out. Mode Media has figured out that defendants are using a privacy proxy service, but absent a court order, the privacy proxy service and servers will not assist with service. *See* Pietz Decl. ¶¶ 3-6. Thus, Mode Media has satisfied Rule 65(b)'s requirements for issuing a TRO without notice.

Accordingly, it is ORDERED:

    a.    the GlamScoop.org domain name be placed on lock and hold, such that control over the domain name is frozen by the registrar for the pendency of this litigation;

    b.    all evidence related to the claims at issue in this action, including records relating to Internet hosting accounts used to host the website located at GlamScoop.org be preserved, which will include placing and maintaining all user and/or account information for the registrant of the GlamScoop.org domain name, including metadata, server data, network data, records of IP addresses for account logins, contact information, and billing information, on a legal hold during the pendency of this litigation.

    c.    Mode Media need not post a bond and need not appear at a hearing because there appears to be "no realistic likelihood of harm to [GlamScoop.org] from enjoining" the website. *Jorgenson v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

    d.    This order shall become effective at 3:00 p.m. on Friday, January 15, 2016.

**B. Alternative Service**

To effect service of process, parties have options. Federal Rule of Civil Procedure 4(e)(1) permits parties to "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Pursuant to Rule 4(e)(2), parties may also serve process by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and

discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Id.* As Mode Media has filed its claims for relief in the Northern District of California, it may serve process by filing a motion to direct service "in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30. Service by email is reasonably calculated to give defendants notice. *See Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Circ. 2002); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (holding that service of process by email was reasonably calculated to provide actual notice because the foreign and domestic defendants were involved in commercial internet activities). Mode Media has not been able to identify John Doe 1's email address, but it has found the next-best thing: the privacy protection proxy service. To use the privacy proxy service, defendants had to give the service contact information. Pietz Decl. ¶¶ 4-6. Thus, Mode Media has demonstrated that service via the proxy service is reasonably calculated to effect service.

Leave is hereby GRANTED and Mode Media is ORDERED to serve on John Doe 1 via the privacy protection proxy service online form that is associated with GlamSnoop.org, the following documents:

      a.    the requested TRO;

      b.    the complaint in this action;

      c.    a summons directed, as per the caption, to "John Doe 1, as registrant of the GlamScoop.org domain name";

      d.    this order, pursuant to which the John Does are also hereby ORDERED TO SHOW CAUSE as to why a preliminary injunction should not be issued. Specifically, the John Does must show cause as to why, for the duration of this action: (i) the terms of the TRO should not remain in effect, and (ii) GlamScoop.org should not be disabled at the domain name server ("DNS") level and they should not be enjoined from further infringement of Mode Media's trademarks or other intellectual property rights, whether via

re-enabling GlamScoop.org name, or by using, registering, or trafficking in any other domain name, Internet website, or other method. Defendants shall appear at a hearing on Mode Media's motion for a preliminary injunction on January 29, 2016 at 10:00 a.m. in Courtroom 3.

### C. Leave to Engage in Early Discovery

Use of "John Doe" defendants is generally disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). When plaintiffs have tried to uncover the defendant's identity and failed, however, plaintiffs should have the opportunity to obtain discovery for the limited purpose of identifying the defendant. *Id.* Mode Media seeks subpoenas to third-parties who host or have hosted GlamScoop.org and the privacy proxy service John Doe 1 supposedly uses. Mode Media has documented its efforts to identify John Doe 1 and shown that there is good cause to permit limited discovery in order to ascertain the John Does' identities.

Accordingly, leave is hereby GRANTED to Mode Media to conduct early discovery prior to a Rule 26(f) conference, that is designed to identify and serve the John Doe defendants, as follows:

    a.    serving a third party subpoena on each hosting company that the John Does have used in connection with hosting GlamScoop.org;

    b.    serving a third party subpoena on the registrar for GlamScoop.org;

    c.    serving a third party subpoena on the privacy proxy service that John Doe 1 used to hide his or her identity while registering GlamScoop.org;

    d.    serving follow-up subpoenas based on returns made on prior subpoenas that are necessary to identifying the John Does so they can be named in their true names and served with the summons and complaint;

    e.    provided, however, that all such early third party subpoenas authorized by this order are subject to the following limitations:

        i.    early discovery and any responsive information received may be used only for the purpose of identifying the defendants and prosecuting this action;

         ii.     any subpoena recipient that is a cable service provider, or that wishes to do so, may give its subscribers notice of the subpoena, and at least 21-days to move to quash the subpoena or seek a protective order before any return is made thereon;

         iii.    the only information which Mode Media may request without seeking additional Court approval is contact information, IP addresses logs, non-content metadata (such as the type of device used to login), and/or billing account information for the suspected John Doe defendants who are somehow associated with GlamScoop.org.

IT IS SO ORDERED.

DATED: January 15, 2016      BY: _____

                                  Richard Seeborg, United States District Judge