1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  MODE MEDIA CORPORATION, | Case No. 3:16-cv-00244-RS |
| 11  f/k/a GLAM MEDIA, a Delaware corporation; | Assigned to:  Hon. Richard Seeborg United States District Judge |
| 12  | **[~~PROPOSED~~] ORDER GRANTING** |
| 13             Plaintiff, | **PRELIMINARY INJUNCTION** |
| 14        v. | |
| 15  | |
| 16  JOHN DOE 1, as registrant of the GLAMSCOOP.ORG domain name; | |
| 17  and JOHN DOES 2-10; | |
| 18  | |
| 19             Defendants. | |
| 20  | |
| 21  | |
| 22  | |
| 23  | |

24
25
26
27
28

ORDER

In this infringement action brought against John Doe defendants, Plaintiff Mode Media Corporation ("Mode Media") previously applied to this Court, for *ex parte* relief, for a temporary restraining order ("TRO") and order to show cause re: preliminary injunction. ECF No. 6. Mode Media also sought leave to serve John Doe No. 1 with the summons, complaint, and TRO by alternative means, and for leave to conduct certain limited early third party discovery. *Id*. By a prior order issued January 15, 2016, the Court granted the TRO and ordered the John Doe defendants to appear before the Court at a hearing set for January 29, 2016 at 10:00 a.m., to show cause as to the issuance of a preliminary injunction. ECF No. 11. The Court also granted Mode Media's request for leave to serve John Doe 1 by alternative means, and to take certain limited early discovery. *Id.*

No defendant appeared at the show cause hearing. Counsel for Mode Media appeared by phone and reported that service of the summons, complaint, and TRO had been completed on John Doe 1, in the manner authorized by the Court's order of January 15, 2016.

Accordingly, further to Mode Media's original request for injunctive relief, due to the failure of defendants to appear and show cause, and based on Mode Media's renewed oral motion, the court hereby GRANTS a preliminary injunction, as follows:

For the duration of this action:

(a)    the GlamScoop.org domain name shall be and shall remain placed on lock and hold, such that control over the domain name is frozen by the registrar for the pendency of this litigation, and GlamScoop.org shall be and shall remain disabled at the domain name server ("DNS") level;

(b)    all evidence related to the claims at issue in this action, including records relating to Internet hosting accounts used to host the website located at GlamScoop.org shall be preserved, which includes placing and maintaining all user and/or account information for the registrant of the GlamScoop.org domain name, including metadata, server data, network data, records of IP addresses for account logins, contact information, and billing information, on a legal hold during the pendency of this litigation;

-1-

(c)    the John Doe defendants are hereby enjoined from further infringement of Mode Media's trademarks or other intellectual property rights, whether via re-enabling GlamScoop.org name, or by using, registering, or trafficking in any other domain name, Internet website, or other method;

(d)    Mode Media need not post a bond for the injunction, because there appears to be "no realistic likelihood of harm to [GlamScoop.org] from enjoining" the website. *Jorgenson v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).


IT IS SO ORDERED.


DATED: 1/29/16          BY:_____

                                Honorable Richard Seeborg
                                United States District Judge